McKAY, C.J.,
DISSENTS WITH REASONS
hi respectfully dissent from the majority opinion and would reverse the trial court’s judgment finding that James Huey Fletcher was a statutory employee of ExxonMo-bil.
The issue of statutory employment status is a mixed question of law and fact. Domino v. Folger Coffee Co., 2009-1278, p. 10 (La.App. 4 Cir. 2/10/10), 32 So.3d 956, 960-61 (citing William E. Crawford, 12 *472 LA. CIVIL LAW TREATISE, TORT LAW § 27:51 (2d ed. 2009); Bassett Furniture Indus., Inc. v. McReynolds, 216 Va. 897, 899, 224 S.E.2d 323, 324 (1976) (noting that the issue of whether an independent contractor’s activities constitute a part of an owner’s trade, business, or occupation is a mixed question of law and fact that must be resolved in light of the facts and circumstances of each case).
The Louisiana Supreme Court has held that the manifest error standard of review is the proper standard to be applied to mixed questions of law and fact. Domino v. Folger Coffee Co., 2009-1278, p. 10; Reed v. Wal-Mart Stores, Inc., 97-1174 (La. 3/4/98), 708 So.2d 362, 364; Kirkland Riverwood International USA, Inc., infra. In Kirkland, the Louisiana Supreme Court held that:
Once the Legislature declared in 1989 that no single factor is determinative, the fact-based nature of the inquiry virtually necessitates a multi-factored, cases-by-case factual inquiry under the totality of the circumstances.
Kirkland v. Riverwood Int’l USA, Inc., 95-1830, p. 15 (La. 9/13/96), 681 So.2d 329, 337; see also Lewis v. Exxon Corp., 441 So.2d 192 (La. 1983) (finding that a trial court’s finding on the question of a statutory employment is a factual one that should not be disturbed on appeal absent manifest error); H. Alston Johnson, 13 LA. CIVIL LAW TREATISE, WORKERS’ COMPENSATION LAW AND PRACTICE § 126 (3rd ed. 1994)(noting that “the question of whether the work performed by the contractor is part of the principal’s business is of course one of fact).
The record in this matter contains evidence demonstrating that from the late 1980’s through the 1990’s, J.E. Merit was engaged by Exxon to provide various skilled and unskilled, union and non-union work forces and tools for various workforces for maintenance of its facility, turn-ai’ounds, and also reconstruction and new construction within Exxon’s facility. Mr. Fletcher testified that there is eye-witness testimony that J.E. Merit’s employees included craftsmen such as pipe fitters, iron workers, boilermakers, millerites, insulators, and demolition teams.
Demolition teams, which excavated dirt, tore down scaffolding; the craftsmen that formed foundations, finished cement, formed crane platforms and then erected scaffolding (the civil-engineering teams), all of which reconstructed Exxon units and/or constructed new Exxon units, are all akin to those of H.E. Weiss, Inc., who was contracted to reconstruct an inoperative Exxon unit into three operating units. See Lewis v. Exxon Corp., 441 So.2d 192, 195 (La. 1983).
While there is testimony that Mr. Fletcher did perform reconstruction and new construction, he was also exposed to asbestos while performing alleged routine work, such as turn-arounds, tool room operations and other maintenance. However, in Lewis, the Louisiana Supreme Court declared that the performance of routine work under a contract for plant conversion/reconstruction, was not dispositive, and the plaintiff in that case, who was injured while performing routine [.qinstallations of orifice runs when his employer was engaged in a construction project, was not a statutory employee of Exxon. Therefore, even if Mr. Fletcher did perform reconstruction and new construction, he is not subject to statutory-employee status because J.E. Merit was engaged by Exxon to provide civil engineering teams for unit reconstruction and new construction of its unit.